PEOPLE OF PUERTO RICO, Petitioner, *v.* RUBERT HNOS., INC., Respondent.

No. 2.    Argued March 13, 1936.—Decided June 8, 1936.

*B. Fernández García, Attorney General, M. Guerra Mondragón, R. Rivera Zayas* and *Lester P. Schoene* for petitioner. *Jaime Sifre, Jr., Horacio Franceschi* and *Orlando Antonsanti* for respondent.

MR. JUSTICE WOLF delivered the opinion of the Court.

This is a quo warranto proceeding presented against Rubert Hermanos, Inc. On being notified the first step of the defendant was to file a motion to strike out certain portions of the petition. On the day set for the hearing the petitioner orally requested that the motion to strike should be ignored. The theory was that the Quo Warranto Act

only contemplated a pleading like an answer or a demurrer, and that there was no scope in the Quo Warranto Law for such a motion to strike, especially as the idea of the act was that the proceeding should be rapid.

We are thoroughly convinced that for this purpose a quo warranto proceeding does not differ essentially from any other suit aimed to settle an issue between the parties. A defendant is always entitled to know exactly what he should meet at the trial and to insist that he should not be called upon to disprove unnecessary averments or even scandalous or impertinent ones. Where the petitioner possibly has transcended the limits of good pleading, the defendant ought to have a right to bring him within bounds.

Sections 123 and 315 of our Code of Civil Procedure provide:

"Section 123.—All irrelevant and redundant matter in a pleading shall be stricken out by the court on motion of the opposite party, and until such motion is disposed of by the court the moving party shall not be required to plead further.

"Section 315.—Every direction of a court or judge, made or entered in writing, and not included in a judgment, is denominated an order. An application for an order is a motion."

So that if these two sections are taken together the necessary idea is that an order of a court striking out redundant or other matter may be obtained by motion.

We ourselves have discussed the nature of a motion to strike in *Vargas* v. *Cruz*, 32 P.R.R. 422. We compared the motion to a special demurrer and referred to other jurisprudence.

In considering a motion to strike, especially in this type of proceeding, when the objectionable matter is only a little in excess or is harmless and would not throw a heavy burden on the defendant, the court might refuse to strike.

The motion of the People will be denied.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.